[S. F. No. 6306.   In Bank.—August 23, 1912.]

CITY PROPERTIES COMPANY (a de facto Corporation), and PAUL T. OLIVER et al. (as Incorporators and Directors of the City Properties Company), Petitioners, v. F. C. JORDAN, Secretary of State of the State of California, Respondent.

CORPORATION—FILING FEE AND LICENSE-TAX MUST BE PAID BY PROPOSED CORPORATION SEEKING TO BECOME INCORPORATED — PROPOSAL TO ENGAGE IN INTERSTATE COMMERCE.—Persons proposing to form a corporation under the laws of the state of California, for the purpose *inter alia* of engaging in interstate commerce, and part of the proposed capital of which they intend to invest in other states, are not entitled to perfect their proposed corporation, by filing their articles of incorporation in the office of the secretary of state, until they have paid the filing fee and license-tax contemplated by section 416 of the Political Code and section 409 of the Civil Code.

ID.—EMBRYONIC CORPORATION WITHOUT CONSTITUTIONAL RIGHTS.—Such an embryonic corporation, until it has acquired vitality and has become a legal entity by obtaining from the state a right to corporate existence, has no constitutional rights which can be affected by the exaction of such filing fee or license-tax.

ID.—STATE MAY IMPOSE ANY TERMS UPON GRANT OF FRANCHISE TO BE A CORPORATION.—The state may grant or refuse to grant a franchise to be a corporation upon such terms as it sees fit.

ID.—CLAIM OF IMPAIRMENT OF CONSTITUTIONAL RIGHT BY EMBRYONIC CORPORATION.—The pretension that the exaction of the filing fee would constitute a burden upon interstate commerce upon the part of a corporation which has no existence, which cannot exist until the state permits it, and which, if it existed, might never engage in interstate commerce, cannot be said to present any legal question.

APPLICATION for a Writ of Mandate directed to the Secretary of State of the State of California.

The facts are stated in the opinion of the court.

Arthur Crane, for Petitioners.

THE COURT.—This original petition for writ of mandate, directed to F. C. Jordan as secretary of the state of California, sets forth that the petitioners, as incorporators, had filed articles of incorporation of the "City Properties Company" with the county clerk of the city and county of San Francisco; that the amount of the capital stock of the corporation was four million dollars, divided into forty thousand shares of one hundred dollars each, and that the amount subscribed was three shares of one hundred dollars each—one share each by the three incorporators, petitioners herein. The purposes for which the corporation was to be organized are multifarious. Its capital was to be divided and placed in different cities of the United States for the purpose of guaranteeing mortgages on real property in such states. It was to own and hold real estate in such cities, to own and hold the stock of other corporations, to issue bonds and deal in stocks and bonds, to invest in lands in the states of the United States, and it was to buy and sell and otherwise deal with and in all forms of personal property.

These articles of incorporation were presented for filing to the secretary of state, who refused to accept them for this purpose without the payment of the filing fee and license-tax contemplated by law. (Pol. Code, sec. 416; Civ. Code, sec. 409.)

Petitioners conceive and allege: "That the said taxes so sought to be imposed as a condition precedent to the filing of said articles of incorporation, would constitute a burden upon interstate commerce, a tax upon property situated outside of the state of California, a discrimination against your petitioning corporation and a refusal to allow your said petitioners equal protection of the laws; and said taxes and both items thereof, as your petitioners are advised and believe, are sought to be imposed by the respondent in violation of the fourteenth amendment to the Constitution of the United States." They, however, fail to perceive that their embryonic corporation, until it has acquired vitality and has become a legal entity by obtaining from the sovereign power a right to exist as a corporation, is not only without substance but without shadow. They fail further to perceive that the sovereign power may grant or refuse to grant a franchise to be a corporation upon

such terms as it sees fit. If those proposing to incorporate do not like the terms they need not incorporate. Nothing in the law prevents these petitioners as individuals from engaging in interstate or any other kind of commerce, but if they seek to create a new legal entity—a person and a citizen within the meaning of the constitution—for the purpose of engaging in business and ask the state of California to give life to this crea-. tion, it will be done and done only upon such terms as the state may prescribe. The pretension that the exaction of the filing fee "would constitute a burden upon interstate commerce" upon the part of a corporation which has no existence, which cannot exist until the state of California permits it, and which, if it existed, might never engage in interstate commerce, cannot be said to present any legal question.

The application for mandate is therefore denied.